APPEARANCES:
REPRESENTING THE STATE: MICHAEL GAYLOR, ESQ Ass't State's Attorney Superior Court GA 13 Enfield, Connecticut,
REPRESENTING THE ACCUSED: BRIAN KARPE, ESQ. 81 Wethersfield Avenue Hartford, Connecticut
MR. GAYLOR: Line 18, James Hurst.
MR. KARPE: Brian Karpe for Mr. Hurst. He's locked up and is being brought out. I would ask that prior pleas and elections, if any, be withdrawn.
THE COURT: I don't believe there are any but they may be withdrawn. CT Page 15604-b
MR. GAYLOR: Mr. Hurst, in CR99-113510, you're charged with forgery in the second-degree, in violation of 53a-139 of the Connecticut General Statutes, how do you plead, guilty or not guilty?
THE DEFENDANT: Guilty.
MR. GAYLOR: On April 15, 1999, Fleet Bank security filed a counterfeit check complaint with the police. They suffered a loss of nine thousand, five hundred and ninety-five dollars and eighty-eight cents. That was as a result of sixteen counterfeit checks drawn on Fleet account of two individuals. Those individuals indicated that they did not issue those checks.
Bank surveillance photos were obtained and apparently, the defendant is one of the individuals who was involved in the forging of those checks. An ID was made through bank surveillance photos. The defendant used the name of David J. Brown.
The defendant, as I understand it, is serving a sentence of seven after two-and-a-half on a Part A matter. I would recommend a concurrent sentence of five suspended after two-and-a-half on this with a condition be restitution to the bank for the amount.
THE COURT: Mr. Hurst, do you understand that by pleading guilty to this charge, you are giving up your right to have a trial on this matter with your lawyer's assistance in front of a judge or a jury?
THE DEFENDANT: Yes, I do.
THE COURT: Do you understand, sir, that you are giving up our right to continue to plead not guilty and require that state prove your guilty at trial beyond a reasonable doubt?
THE DEFENDANT: Yes, ma'am.
THE COURT: And you understand, Mr. Hurst, that you are giving up your right to confront and cross-examine the witnesses the state claims that it has against you, present your own witnesses and testify yourself at trial if you wished?
THE DEFENDANT: Yes.
THE COURT: You understand, sir, that you are also giving up your right not to be forced to testify against yourself? CT Page 15604-c
THE DEFENDANT: Yes.
THE COURT: Are you pleading guilty voluntarily, sir?
THE DEFENDANT: Yes, ma'am.
THE COURT: Has anyone threatened you?
THE DEFENDANT: No, ma'am.
THE COURT: Is anyone forcing you in anyway to get you to plead guilty here?
THE DEFENDANT: No, ma'am.
THE COURT: Mr. Hurst, you head the prosecutor tell me what the state claims happened. Was that accurate?
THE DEFENDANT: Yes, ma'am.
THE COURT: Any doubt in your mind that you were in fact the person who was shown on that tape?
THE DEFENDANT: Yes.
THE COURT: There is no doubt or there is a doubt?
THE DEFENDANT: There is a doubt. No, sorry.
THE COURT: Let's try it again. Mr. Hurst, is there any doubt in your mind that you were the person shown on that tape cashing that check?
THE DEFENDANT: Yes, yes.
THE COURT: Mr. Hurst, you are now serving a sentence?
THE DEFENDANT: Yes, ma'am.
THE COURT: So you did forge, you completed the check and it wasn't your check and you had no authority to sign it?
THE DEFENDANT: (No response)
THE COURT: Was it made out to you, the check? CT Page 15604-d
THE DEFENDANT: No, no ma'am.
THE COURT: The check was not made out to you?
THE DEFENDANT: No.
THE COURT: So you're the person who signed the name of Mr. Brown?
THE DEFENDANT: Yes, ma'am.
THE COURT: Well you do understand, Mr. Hurst, that if I impose a sentence of five years and suspend it after you've done two-and-a-half to be followed then by probation with a condition that you make restitution to Fleet Bank for the amount of that check and you don't do that, you're going to do the rest of that five years in prison.
THE DEFENDANT: Okay.
THE COURT: Do you understand, sir?
THE DEFENDANT: Yes, ma'am.
THE COURT: And you still wish to plead guilty?
THE DEFENDANT: Yes, ma'am.
THE COURT: I'll make a finding then that Mr. Hurst's plea is understandingly made with the assistance of competence counsel, there is a factual basis for that plea. The plea is accepted and a finding of guilty is made.
MR. KARPE: Your Honor, I would urge the Court to accept the recommendation. My client is serving a sentence out of Litchfield Part A for seven suspended after two-and-a-half years and three years probation. I would also, because there was another co-conspirator in this matter, I would ask that the restitution be joint and several to the extent that it can.
THE COURT: Has anyone else been arrested on this case?
MR. GAYLOR: Yes, Your Honor?
MR. KARPE: And I would ask that costs be waived? CT Page 15604-e
THE COURT: Mr. Hurst, on the charge than of forgery in the second degree, I will sentence you to the care and custody of the Commissioner of Corrections for five years. Suspend execution of that sentence after two-and-one-half years and place you on probation for three years.
The first special condition of that probation, Mr. Hurst, is that you make restitution to the Fleet Bank for expenses they may have incurred and lost as a result of this case and any restitution obligation will be joint and several with any other co-defendants. Costs maybe waived.
MR. GAYLOR: Nolle the open counts, Your Honor.
THE COURT: Noted.
CT Page 15565